UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ROBERTA LUDWIG,  Case No.   2:19-cv-03870

                Plaintiff,

                **VERIFIED COMPLAINT**

-against-

MARIANNE TASKER,

                Jury Trial Demanded

                Defendant.
-------------------------------------------------------------------X

Plaintiff, by his attorneys **BALSAM LAW FIRM, PLLC,** upon information and belief, and at all times hereinafter mentioned, alleges:

### PARTIES

1. That at all times hereinafter mentioned, plaintiff, ROBERTA LUDWIG was and is a resident of Delray Beach, Florida.

2. Upon information and belief, at all times hereinafter mentioned, and at the time of the commencement of this action, defendant, MARIANNE TASKER was and still is a resident of Toronto, Ontario, Canada.

### VENUE and JURISDICTION

3. This is an action for damages in excess of $75,000.00, as required by 28 USC 1332, and there is a complete Diversity of Citizenship between the parties.

4. Venue is properly laid in this District pursuant to 28 USC 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred here.

### AS AND FOR A CAUSE OF ACTION

5. Upon information and belief, at all times and places hereinafter mentioned, and more particularly on July 29, 2018, defendant, MARIANNE TASKER, was the owner of the premises located at 18 Whooping Hollow Road, East Hampton, NY 11937.

6. That at all times hereinafter mentioned, the defendant conducted business in Suffolk County in the State of New York, specifically operating a rental property located at 18 Whooping Hollow Road, East Hampton, County of Suffolk, and State of New York.

7. That at all times and places hereinafter mentioned, and more particularly on July 29, 2018, defendant, MARIANNE TASKER maintained, controlled, managed, repaired, inspected, operated, and/or supervised the premises located at 18 Whooping Hollow Road, East Hampton, NY 11937.

8. That at all times hereinafter mentioned, defendant had the responsibility for the control, operation, and maintenance of the aforesaid premises, including the means of egress and ingress therein, including all hallways, landings, doorways, walkways, stairways and entrances within the building therein.

9. That at all times and places hereinafter mentioned, and more particularly on July 29, 2018, defendant, MARIANNE TASKER, did cause, permit and/or allow a dangerous, hazardous, defective, trap like, unsafe and/or unfit condition to become, remain and/or exist at the premises located at 18 Whooping Hollow Road, East Hampton, NY 11937.

10. That at all times and places hereinafter mentioned, and more particularly on the 29th day of July 2018, the plaintiff, ROBERTA LUDWIG, was lawfully present and/or in the aforesaid premises owned by the defendant, MARIANNE TASKER.

11. That at all times and places hereinafter mentioned, and more particularly on the 29th day of July 2018, while the plaintiff, ROBERTA LUDWIG, was lawfully present and/or in the aforesaid premises, she was caused to fall and be violently precipitated to the ground, due to the dangerous, defective, and/or trap like conditions existing thereat.

12. That at all times and places hereinafter mentioned, and more particularly on the 29th day of July 2018, the aforesaid occurrence was due wholly and solely as a result of the negligence,

carelessness, and recklessness of the defendant, MARIANNE TASKER, her agents, servants, employees and/or representatives, without any negligence on the part of the plaintiff contributing thereto.

13. That at all times and places hereinafter mentioned, the defendant was careless, reckless, negligent and/or grossly negligent and/or with the reckless disregard for the safety of the plaintiff and others in the ownership, operation, maintenance, management and control of the aforesaid premises, including the means of egress and ingress therein, and more specifically the area leading from the study/spare room to the downstairs thereat, including but not limited to hallways, landings, doorways, walkways, stairways and entrances.

14. On or about July 29, 2018, the defendant herein, MARIANNE TASKER, failed to maintain its property in a safe condition and provide a safe and proper means of traveling the interior of said premises so as to prevent accidents and the incident which occurred herein.

15. That at all times and places hereinafter mentioned, the defendant permitted, failed to rectify and/or created a dangerous and defective condition to exist at the premises; including but not limited to failing to conform to proper construction and/or design and the proper safety standards and the 2010 Residential Code of New York and/or building codes.

16. The defendant, MARIANNE TASKER, her agents, servants, employees and/or representatives; created and/or had actual and/or constructive notice of the dangerous, hazardous, defective, trap like, unsafe condition existing thereat.

17. The defendant, MARIANNE TASKER, her agents, servants, employees and/or representatives; failed to exercise reasonable care to protect plaintiff, ROBERTA LUDWIG against the known and unreasonably dangerous condition(s) existing thereat.

18. That by the reason of the wrongful, negligent, careless, reckless and/or unlawful actions of the defendant, as aforesaid, the plaintiff was severely injured, bruised and wounded, suffered, still suffers and will continue to suffer for some time great physical pain and great bodily injuries, and become sick sore, lame and disabled and so remained for a considerable length of time.

19. The limitations on liability contained in Article 16 of the CPLR do not apply and one or more of the exceptions set forth in CPLR 1602 applies herein.

20. By reason of said negligence, carelessness, and recklessness, and as a proximate result thereof, plaintiff suffered injuries consisting of, but not limited to, serious injuries, to and about the body, the injures thus received by plaintiff have greatly impaired her health, strength, and activity and have thereby caused and continue to cause her great mental, physical and nervous pain and suffering and extreme shock to plaintiff's nervous system; and the plaintiff is informed and believes, and thereon alleges, that the injuries will result in some disability to her, all to her general damage in an amount in excess of ONE HUNDRED FIFTY THOUSAND ($150,000.00) DOLLARS, subject to proof at the time of trial.

21. In addition to the general damages sustained by plaintiff, she has suffered substantial expenses, which she has incurred and will continue to incur, including, but not limited to, expenses for medical treatment, including the services of doctors, hospitals and the like, the exact amount to be proven at time of trial.

22. As a further, direct and proximate result of the carelessness and negligence of the defendant, plaintiff was prevented from attending to her usual occupation or any occupation whatsoever and has been damaged in an amount not yet ascertainable, plaintiff is informed and believes and thereon alleges that by reason on said carelessness and negligence of defendant, plaintiff will in the future,

be prevented from attending to her usual occupation for an undetermined period of time, all to her further special damage in an amount to be proven at trial.

WHEREFORE, plaintiff ROBERTA LUDWIG, demands judgment against the defendant for:

A. General damages in excess of ONE HUNDRED FIFTY THOUSAND ($150,000.00) DOLLARS;

B. Special damages in excess of ONE HUNDRED FIFTY THOUSAND ($150,000.00) DOLLARS;

C. Reasonable attorneys' fees, costs, and disbursements of this action; and

D. Such other and further relief as the Court may deem proper.

Dated: New York, New York
July 1, 2019

Yours, etc.,

By: Howard A. Balsam, Esq.
BALSAM LAW FIRM, PLLC.
Attorneys for Plaintiff
ROBERTA LUDWIG
315 Madison Avenue, Suite 1306
New York, New York 10017
(212) 286-8899
howie@balsamlawfirm.com

## VERIFICATION

The undersigned, being an attorney duly admitted to practice in the Courts of the State of New York, affirms under the penalties of perjury:

That I am the attorney for the plaintiff(s) in the within action. That I have read and know the contents of the foregoing **COMPLAINT,** and that same is true to my knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters I believe it to be true.

This verification is made by affirmant and not by the plaintiff(s) herein because the plaintiff(s) do not reside within the county wherein affirmant maintains his office.

This verification is based on information furnished by the plaintiff(s) in this action and information contained in affirmant's file.

Dated:  New York, New York
July 1, 2019

_____
Howard A. Balsam, Esq.,

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x   Case No.:   2:19-cv-03870
ROBERTA LUDWIG,

                    Plaintiff,

   -against-


MARIANNE TASKER,

                    Defendant.
-------------------------------------------------------------------x

# SUMMONS & VERIFIED COMPLAINT

**BALSAM LAW FIRM, PLLC.,**

**ATTORNEY FOR PLAINTIFF**

**315 MADISON AVENUE, SUITE 1306
NEW YORK, NEW YORK 10017
TEL: (212) 286-8899**

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated: July 1, 2019     Signature: _____
                                                      Howard A. Balsam, Esq.,