UNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ROBERTA LUDWIG

                                         Plaintiff,

-against-

MARIANNE TASKER

                                       Defendant.
------------------------------------------------------------------------X

**REQUEST FOR PRODUCTION OF DOCUMENTS & THINGS**

Case #2:19-CV-03870
Jury Trial Demanded

To:    Plaintiff, ROBERTA LUDWIG, through his attorney of record, BALSAM LAW FIRM, PLLC. 315 Madison Avenue, Ste. 1306, New York, NY 10017

      Defendant, MARIANNE TASKER, serves this request for production on ROBERT LUDWIG, as authorized by Federal Rule of Civil Procedure 34. As required by Rule 34(b), Plaintiff, ROBERTA LUDWIG, must produce all requested documents, electronically stored information, or tangible things within 30 days after service of this request, at the Law Office of Bruno, Gerbino & Soriano, LLP, located at 445 Broad Hollow Road, Suite 220, Melville, New York 11747, or at another time and place agreed on by the parties.

### LOCAL CIVIL RULE 26.3 UNIFORM DEFINITIONS IN DISCOVERY REQUESTS

    (a)    The full text of the definitions and rules of construction set forth in paragraphs (c) and (d) is deemed incorporated by reference into all discovery requests. No discovery request shall use broader definitions or rules of construction than those set forth in paragraphs (c) and (d). This rule shall not preclude (1) the definition of other terms to the particular litigation, (2) the use of abbreviations, or (3) a more narrow definition of a term defined in paragraph (c).

    (b)    This rule is not intended to broaden or narrow the scope of discovery permitted by the Federal Rules of Civil Procedure.

    (c)    The following definitions apply to all discovery requests:

        (1)    **Communication.** The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

        (2)    **Document.** The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

(3) **Identify (with respect to persons).** When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a nature person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(4) **Identify (with respect to documents).** When referring to documents, "to identify" means to give, to the extent known, the (i) type of document, (ii) general subject matter, (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

(5) **Parties.** The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

(6) **Person.** The term "person" is defined as any natural person or any business, legal or governmental entity or association.

(7) **Concerning.** The term "concerning" means relating to, referring to, describing, evidencing or constituting.

(d) The following rules of construction apply to all discovery requests:

(1) **All/Each.** The term "all" and "each" shall be construed as all and each.

(2) **And/Or.** The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

(3) **Number.** The use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

1. Respond to each request for production separately by listing the materials and by describing them as defined above. If the material is numbered or labeled for production, in each response provide both the information that identifies the material and the material's number or label.

2. Produce documents and tangible things in the forms as they are kept in the ordinary course of business, or organize and number or label them to correspond with the categories in the discovery request.

3. Produce electronically stored information in its native form or in single-page searchable Adobe Tagged Image File Format (TIFF). For documents that are converted into TIFF, maintain all associated metadata, and for documents that cannot be converted into TIFF, notify requesting party of responding party's intended form of production that is either reasonably usable or as it is ordinarily kept. For any electronically stored information produced:

    a. Produce a discovery log that details the type of information, the source of the information, the discovery request to which the information corresponds, and the information's electronic ID number.

    b. Write all of the electronically stored information to a CD or a DVD.

4. For electronically stored information, identify every source containing potentially responsive information that the defendants are not searching or producing.

5. If objecting to a request for production, state the objection with particularity, providing specific grounds for the objection.

6. For any materials that the defendants assert are privileged, protected, or otherwise exempt from discovery, provide the following:

    a. The specific grounds for the claim of privilege, protection, or other exemption.

    b. The type of material being withheld, and, if the material is electronically stored information, the file format of the material.

    c. The subjection matter of the material.

    d. The date of the material.

    e. The name, job title, and address of the author of the material.

    f. The name, job title, and address of each addressee of the material.

    g. The name, job title, and address of each person who received, was copied on, or otherwise saw all, part, or a summary of the material.

    h. The name, job title, and address of the custodian of the material and the materials' current location.

7. For any materials that you claim no longer exist or cannot be location, provide all of the following:

    a. A statement identifying the material.

    b. A statement of how and when the material ceased to exist or when it could no longer be located.

    c. The reasons for the material's nonexistence or loss.

    d.      The identity, address, and job title of each person having knowledge about the nonexistence or loss of the material.

    e.      The identity of any other materials evidencing the nonexistence or loss of the material or any facts about the nonexistence or loss.

## REQUESTS FOR PRODUCTION

**Request 1:** Produce working papers, notes, calculations, diagrams, photographs, models, exhibits, and other materials, including reports and factual observations, prepared or reviewed by any expert who will testify at trial.

**Request 2:** Produce copies of all transcripts of testimony previously provided by any individual listed by the defendants as an expert witness.

**Request 3:** Produce treatises, rules, regulation, guidelines, statutes, policies, procedures, and any other authoritative materials considered by any testifying expert in forming an opinion.

**Request 4:** Copies of all medical records, reports, diagnoses, prognoses, as well as hospital records, x-rays, charts and duly executed authorizations to examine any and all of the aforementioned.

**Request 5:** A complete copy of the "no fault" file prepared by the insurance carrier to which bills for "basic economic loss" were submitted, and a duly executed authorization allowing of the aforementioned.

**Request 6:** A copy of any statement given by or on behalf of any defendant serving this demand.

**Request 7:** The names and addresses of each person known or claimed by you or any party you represent in this action to be a witness to:

    a.      The occurrence alleged in the complaint in this action; or
    b.      Any acts, omissions, or conditions which allegedly caused the occurrence alleged in the complaint; or
    c.      Any actual notice allegedly given to the defendant herein of any condition which allegedly caused the occurrence alleged in the complaint; or
    d.      The nature and duration of any alleged condition which allegedly caused the occurrence alleged in the complaint.

**Request 8:** The names and addresses of any witnesses known to the plaintiff or plaintiff's attorney

**Request 9:** Photographs of the scene of the alleged occurrence and/or any defective and/or dangerous condition claimed to have existed thereat.

**Request 10:** A complete copy of the plaintiff's employment records for the two years <u>prior</u> and subsequent to the alleged occurrence, and a duly executed authorization allowing the obtaining of the aforementioned.

Request 11: The names and addresses of each party and attorney appearing in this action.

Request 12: The name and qualifications of all experts who have been retained in anticipation of litigation or preparation for trial. Please state:

    a. The subject matter on which the expert is expected to testify;
    b. The substance of the facts and opinions to which the expert is expected to testify;
    c. A summary of the grounds for the expert's opinion;
    d. The qualifications of said expert.

Request 13: A verified statement identifying by name of issuing company, name of insured, policy number, policy period, and limits of liability of all insurance agreements, including but not limited to policies of excess liability insurance, under which an insurance business may be liable to satisfy part of or all of a judgment which may be entered against the defendant in this action, or to indemnify or reimburse defendant for payments made to satisfy the judgment.

Request 14:
    a. Statement setting forth the name, address, and district number of any school or learning institution which the plaintiff(s) attended or in which the plaintiff(s) was/were enrolled within five years prior to the occurrence in question, and continuing to the present date.

    b. Duly acknowledged and executed written authorizations enabling the undersigned to obtain the records relating to the plaintiff(s) for each school or learning institution identified in item "1" above.

Request 15:
    a. Identify any collateral source that reimbursed, replaced or indemnified or will reimburse, replace or indemnify in whole or in part the cost of the items set forth above;

    b. Furnish copies of any contracts, agreements or policies or other documents which provide for reimbursement, replacement or indemnification in whole or in part for the costs of the items set forth above by a collateral source; and

    c. Furnish authorizations directing the release of all records pertaining to the reimbursement, replacement or indemnification of the costs of the items set forth above by collateral sources.

Request 16: If a disability claim has or will be made pursuant to the terms of the Social Security laws, with respect to each and every application:

    a. Set forth the claim office, the address and the claim number assigned.

    b. Set forth duly executed and acknowledged written authorizations enabling the undersigned to obtain the records relating to the plaintiff.

Request 17:   If a claim has or will be made pursuant to the terms of the Workers' Compensation Law, with respect to each and every application:

    a.   Set forth the name, address, policy and claim number to which a claim has been or will be made, together with the Workers' Compensation Board file number.

    b.   Set forth duly executed and acknowledged written authorizations enabling the undersigned to obtain the records relating to the plaintiff from each company identified in the response to 1(a) above.

Request 18:

    a.   Any and all accident reports prepared in the regular course of business operations or practices of any person, firm, corporation, association or other public or private entity.

    b.   Any photographs of plaintiff or scene of incident.

Request 19:

    a.   Identify any collateral source that reimbursed, replaced or indemnified or will reimburse, replace or indemnify in whole or in part the cost of the items set forth above;

    b.   Furnish copies of any contracts, agreements or policies or other documents which provide for reimbursement, replacement or indemnification in whole or in part for the costs of the items set forth above by a collateral source; and

    c.   Furnish authorizations directing the release of all records pertaining to the reimbursement, replacement or indemnification of the costs of the items set forth above by collateral sources.

Dated:  Melville, New York
       August 21, 2019

TO:
BALSAM LAW FIRM, PLLC.
Attorneys for Plaintiff
315 Madison Avenue, Ste. 1306
New York, NY 10017
(212) 286-8899

Yours, etc.,

BRUNO, GERBINO & SORIANO, LLP.

By: _____
VINCENT F. GERBINO   VG0555
Attorneys for Defendant(s)
445 Broad Hollow Road, Ste. 420
Melville, NY 11747-3601
(631) 390-0010
Our File #HO180-3020

UNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
ROBERTA LUDWIG

                                                 Plaintiff,

-against-

MARIANNE TASKER

                                            Defendant.
-------------------------------------------------------------------------X

**REQUEST FOR EXPERT DISCOVERY**

Case #2:19-CV-03870

Jury Trial Demanded

S I R S :

       PLEASE TAKE NOTICE, that pursuant to CPLR 3101(d), you are hereby directed to identify, state and provide, to offices of the undersigned, located at 445 Broad Hollow Road, Suite 220, Melville, New York 11747 within twenty (20) days of receipt of this notice:

1. Identify by name and address each person whom you will call as an expert witness at the time of trial.

2. The qualifications of each person whom you intend to call as an expert witness at the time of trial.

3. The subject matter in reasonable detail upon which the expert is expected to testify.

4. A statement of the facts and opinions upon which the expert is expected to testify.

5. A detailed summary of those facts and opinions.

6. The resume and curriculum vitae of each expert upon whose testimony you will rely upon at the time of trial, concerning the subject lawsuit.

       PLEASE TAKE FURTHER NOTICE, that the within is a continuing demand. In the event any of the above items are obtained after service hereof, they are to be immediately furnished to this office.

PLEASE TAKE FURTHER NOTICE, that upon your failure to produce, identify, state and/or provide the aforesaid items at the time and place required in this request, a motion will be made for the appropriate relief to this Court.

Dated: Melville, New York
August 21, 2019

TO:
BALSAM LAW FIRM, PLLC.
Attorneys for Plaintiff
315 Madison Avenue, Ste. 1306
New York, NY 10017
(212) 286-8899

Yours, etc.,

BRUNO, GERBINO & SORIANO, LLP.

By: _____
VINCENT F. GERBINO VG0555
Attorneys for Defendant(s)
445 Broad Hollow Road, Ste. 420
Melville, NY 11747-3601
(631) 390-0010
Our File #HO180-3020

UNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
ROBERTA LUDWIG

                                        Plaintiff,

-against-

MARIANNE TASKER

                                        Defendant.
-------------------------------------------------------------------------X

**NOTICE TO PRODUCE**
**COLLATERAL SOURCE**

Case #2:19-CV-03870

Jury Trial Demanded

S I R S :

        PLEASE TAKE NOTICE, that if any claim is made by plaintiff to recover for the cost of medical care, dental care, custodial care or rehabilitation services, loss of earnings or other economic loss within twenty (20) days of receipt of this notice that:

1.   Identify any collateral source that reimbursed, replaced or indemnified or will reimburse, replace or indemnify in whole or in part the cost of the items set forth above;

2.   Furnish copies of any contracts, agreements or policies or other documents which provide for reimbursement, replacement or indemnification in whole or in part for the costs of the items set forth above by a collateral source; and

3.   Furnish authorizations directing the release of all records pertaining to the reimbursement, replacement or indemnification of the costs of the items set forth above by collateral sources.

        PLEASE TAKE FURTHER NOTICE, that the within is a continuing request. In the event any of the above items are obtained after service hereof, they are to be immediately furnished to this office.

        PLEASE TAKE FURTHER NOTICE, that upon your failure to produce, identify, state and/or provide the aforesaid items at the time and place required in this request, a motion will be made for the appropriate relief to this court.

Dated: Melville, New York
       August 21, 2019

TO:
    BALSAM LAW FIRM, PLLC.
    Attorneys for Plaintiff
    315 Madison Avenue, Ste. 1306
    New York, NY   10017
    (212) 286-8899

Yours, etc.,

BRUNO, GERBINO & SORIANO, LLP.

By: _____
    VINCENT F. GERBINO  VG0555
Attorneys for Defendant(s)
445 Broad Hollow Road, Ste. 420
Melville, NY  11747-3601
(631) 390-0010
Our File #HO180-3020

STATE OF NEW YORK : COUNTY OF SUFFOLK

   VINCENT F. GERBINO, ESQ., an attorney admitted to practice in the Courts of the State of New York, affirms that the following statements are true under penalties of perjury:

   Affirmant is the attorney of record for the answering defendant(s) in the within action. Affirmant has read the foregoing *Answer*, knows the contents thereof, and that the same is true to affirmant's own knowledge, except as to those matters therein stated to be alleged upon information and belief, and that those matters affirmant believes it to be true.

   The grounds of affirmant's belief as to all matters not stated upon affirmant's knowledge are as follows: Statements of said answering defendant, office records, and affirmant's general investigation into the facts of this case.

Dated: Melville, New York
   August 21, 2019

_____
      VINCENT F. GERBINO   VG0555