

445 Broad Hollow Road
Suite 420
Melville, New York 11747
P: 631.390.0010
F: 631.393.5497

**www.bgslaw-ny.com**

SHAUN MALONE
SENIOR ASSOCIATE

SMalone@bgslaw-ny.com
EXT. 110
ADMIITTED IN NY

May 15, 2020

**Via ECF**
Magistrate Judge Roanne L. Mann
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: Roberta Ludwig v. Marianne Tasker
       Docket No.: 2:19-CV-03870 (RRM) (RLM)
       BG&S File No.: HO180-3020

Dear Judge Mann:

  We represent the defendants in this action, Marianne Tasker and David Tasker. We write with regard to the letter motion of third-party defendant William Ludwig seeking an extension of the discovery deadlines. (ECF # 29) Before we could respond to the motion, Your Honor has already decided the motion, denying same without prejudice. (ECF # 30) For the reasons to be discussed below, the defendants consent to and join in the motion, and request that the court reconsider its decision.

  The court's decision on the motion notes that the movant neglected to advise the court whether he consulted with all counsel in the case. In fact, he had done so. All parties agreed during that conversation that it will be impossible to complete fact discovery by June 25, 2020 under the current discovery schedule.

  As an initial issue, the third-party defendant has not yet even answered the third-party complaint, which is due tomorrow, May 16, 2020. The third-party defendant has indicated an intent to then serve written discovery requests. In addition to the written discovery, all parties must be deposed and a physical examination of the plaintiff by an expert witness must be scheduled and conducted in New York.

  From the defendants' perspective, we believe it is impractical to complete all fact discovery by June 25, 2020. First, the U.S.-Canada border is closed for travel until at least May 21, 2020, and media reports indicate that this will be extended to June 21, 2020. Thus, the defendants, residing in Canada, will have difficulty traveling to New York for their depositions. I understand that the plaintiff and

defendant, who reside in Florida, are also concerned about traveling to New York for their depositions, which we understand.

As for conducting the depositions via remote access, the defendants do not wish to do so, preferring to be deposed in person and to conduct the other parties' depositions in person. This is a premises liability case in which it will be ineffective to conduct depositions via video teleconference. The condition of the property, the exact location of the alleged fall and other issues can only be put into proper context by the parties and their counsel being present in the same room and referring to many photograph exhibits. We see no effective means of doing this via remote access.

Moreover, the plaintiff will have to travel to New York for her examination by the defendants' designated physician expert witness anyway. Such an examination—which entails physical touching of the person--cannot be performed remotely. A remote examination would substantially impair the effectiveness of the physician's examination as well as the credibility of his or her testimony at trial. Having handled these types of cases for more than 25 years I am not aware of such an examination having ever been performed other than in the physician's office. We would, of course, schedule the deposition of the plaintiff and her physical examination to occur on consecutive days so that they can be completed during a single trip to New York. However, as noted, it is not practical to complete these tasks by June 25, 2020. I would add that the IME vendor that we utilize has advised that it will be difficult to find a physician to conduct the examination during the next few weeks due to the Covid Crisis.

From the defendants' perspective, they are neither attempting to delay the case nor are they seeking any extraordinary discovery. They simply wish to conduct the depositions of all parties (including their own deposition) and a physical examination of the plaintiff within the same venue which the plaintiff has chosen to commence this case. Since it is impractical to do so by June 25th under the present difficult circumstances, the defendants—and all parties—jointly request an extension of the case schedule as proposed by the third-party defendant in his motion, i.e., ECF # 29.

With regard to the third-party defendant's suggestion that additional parties may need to be subpoenaed and/or possibly added as parties, the defendants disagree that either would be appropriate due to a lack of relevance. There are limited issues in this case: (1) whether there existed a dangerous condition in the property; (2) if there was such a condition, whether the accident was caused by the condition; and (3) the plaintiff's injuries and damages. The parties do not dispute that the defendants owned the property and rented the property to the Ludwigs pursuant to a written lease. Therefore, the issue of whether the Ludwigs identified the property for rent through a third-party website (i.e., Expedia) is irrelevant to any material issue in the case. Similarly, the fact that defendant Mrs. Tasker was affiliated with a leasing agent as part of her career is equally irrelevant. The property was not leased through that real estate agency with whom Mrs. Tasker was affiliated. She simply used her corporate e-mail account for certain communications with the Ludwigs concerning the lease negotiation for her own property; the lease was directly between the owner, Mrs. Tasker, and Mr. Ludwig. Moreover, even if the property had been leased through the rental agency with whom Mrs. Tasker was affiliated there would be no liability to the agency for the alleged incident.

For the foregoing reasons, defendants, Marianne Tasker and David Tasker, respectfully join in the request that the Court reconsider and grant the third-party defendants' motion to extend the discovery deadlines. Plaintiff's counsel has also consented to the requested extensions. If Your Honor wishes to clarify any of the issues we would welcome a telephone conference to discuss the request.



We appreciate Your Honor's time and attention in considering these requests.

               Very truly yours,

                /Shaun M. Malone/
               Shaun M. Malone

